UNITED STATES of America, Appellee,

v.

Curtis W. VENERABLE, Sr., Appellant.

No. 86–1580.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1986.

Decided Dec. 22, 1986.

Gregory M. Dennis, Overland Park, Kan., for appellant.

J. Daniel Stewart, Kansas City, Mo., for appellee.

Before John R. GIBSON, FAGG, and MAGILL, Circuit Judges.

FAGG, Circuit Judge.

Curtis W. Venerable appeals his convictions for conspiracy to defraud the United States Department of Housing and Urban Development (HUD), 18 U.S.C. § 371, and for making a false statement on a wage certification form, *id.* § 1010, in connection with a HUD-financed construction project in Kansas City, Missouri. We affirm.

The City of Kansas City awarded MBI Corporation (MBI) a contract to redevelop property for a housing project to be known as Citadel Center. The project was partially funded by HUD. MBI submitted requests for HUD construction loan funds based on invoices from Venerable's employer, B & G Enterprises (B & G). To obtain those loan funds, Venerable signed Citadel project documents including billing invoices, "Davis-Bacon" wage certification forms, lien waivers, and a letter to HUD auditors concerning B & G's work on the project. Venerable received project payment checks and deposited them in various B & G-related accounts. When questioned by HUD auditors, no contractor or subcontractor on the Citadel project knew of B & G or of any Citadel work done by B & G. The government's theory at trial was that Venerable had participated in a scheme to obtain HUD payments for work not performed by B & G. As a part of that scheme, the government charged, Venerable falsely represented that he was B & G's owner and that B & G had complied with federal wage requirements entitling it to receive HUD funds.

Venerable raises three issues on appeal. He argues the district court committed error first, in denying his motions for acquittal and for a new trial when the evidence was insufficient to support his conviction on either count; second, in denying his motions for a new trial and to suppress statements Venerable made to the FBI when they were given without *Miranda* warnings; and third, in handling certain exhibits at trial.

■ Venerable claims the government did not prove either the existence of a conspiracy with which Venerable was associated, or that Venerable had the specific intent to influence HUD when he signed forms as president of a subcontractor verifying certain HUD requirements had been met. We do not agree. When a challenge is made to the sufficiency of the evidence supporting a conviction, we must view the

evidence in the light most favorable to the government and sustain the jury's verdict if it is supported by substantial record evidence. *United States v. Andrade,* 788 F.2d 521, 525 (8th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 462, 93 L.Ed.2d 408 (1986). Our review of the record shows ample evidence from which the jury could find the existence of a conspiracy, Venerable's involvement with it, and Venerable's intent to influence HUD's action on the project funds.

As to the second issue, Venerable claims the statements he made to FBI agents should have been suppressed because he did not first receive *Miranda* warnings even though the agents had probable cause to believe Venerable may have committed an indictable offense. Venerable argues *Miranda* warnings were required because at least one agent had already formed the opinion Venerable had committed the offense under investigation. Venerable also argues the district court applied an erroneous standard to determine whether he was actually in custody. We disagree.

■ The single operative standard for the necessity of *Miranda* warnings is whether Venerable was "in custody or otherwise deprived of his freedom of action in any significant way" at the time of the questioning. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); *see also United States v. Helmel,* 769 F.2d 1306, 1320 (8th Cir. 1985). In this case, two relatively brief and noncoercive interviews were conducted by FBI agents at Venerable's place of business. Venerable made and received telephone calls and spoke during the interviews with other employees, and left one interview for a period of time. The district court's findings that, under the totality of the circumstances, the interviews were not custodial are not clearly erroneous. Because Venerable was not in custody at the time, he was not entitled to *Miranda* warnings, and statements made during the FBI interviews are not suppressible on that basis.

■ Finally, Venerable objects to the district court's handling of trial exhibits. During the presentation of its evidence the government questioned two witnesses concerning certain Citadel project documents signed by Venerable. After the witnesses identified the documents the government requested permission to pass the exhibits to the jury. The defense objected to this practice as unfairly highlighting part of the government's evidence. Although the district court overruled the objections, it admonished the jury not to place undue emphasis on those exhibits which were passed to them. During deliberation the jury made a written request to see a portion of the exhibits. The district court granted this request and responded in writing that the jury would also be permitted to review all of the exhibits if it desired to do so.

The district court has considerable discretion in the handling of exhibits during the course of the trial as well as during jury deliberation. *See generally United States v. Humphrey,* 696 F.2d 72, 75–76 (8th Cir.1982), *cert. denied,* 459 U.S. 1222, 103 S.Ct. 1230, 75 L.Ed.2d 463 (1983). Given the district court's careful handling of this matter, we cannot find an abuse of that discretion in this case.

There being no error of fact or law, we affirm the judgment of the district court.