**UNITED STATES of America, Appellee,**

v.

**Alan J. ALLERY, Appellant.**

No. 89–5388.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1990.

Decided June 4, 1990.

Rehearing Denied July 17, 1990.

Steven J. Meshbesher, Minneapolis, Minn., for appellant.

James E. Lackner, Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

HEANEY, Senior Circuit Judge.

Alan J. Allery appeals from his conviction on two counts of submitting false, fictitious, and fraudulent travel vouchers to his employer, Indian Health Services (IHS), an agency of the United States Department of Health and Human Services, in violation of 18 U.S.C. § 287.[1] We affirm.

## BACKGROUND

Allery, a Tribal Relations/Tribal Affairs Specialist for IHS, was promoted in 1984 to the position of area director. The promotion required him to move from Aberdeen, South Dakota to Bemidji, Minnesota. As a relocating government employee, Allery was entitled to a temporary quarters allowance to cover his rent at a temporary residence while trying to locate a permanent residence. The temporary quarters allowance covers a 60–day period and can be extended for an additional 60 days.

Allery entered into an agreement with Dennis Sullivan to rent a house in Bemidji that Sullivan was trying to sell. They executed a month-to-month lease agreement. Allery testified that the agreement covered the months of November and December 1984, at a rent of $1500 per month. Sullivan testified that the lease was to cover six months at a rent of $500 per month. Allery submitted reimbursement claims for $3000 to IHS for his November and December rent and asked for a 60–day extension of his temporary quarters allowance. IHS granted the extension.

Allery testified that he withheld rent in January and February 1985 because pipes in the house froze, causing sewer problems. He also stated that in March 1985, he and Sullivan created an addendum to their original lease agreement which Sullivan intended to be an inducement to Allery to buy the house. The addendum provided that Allery would pay no rent for the months January through April 1985 and that if Allery purchased the house by the end of April, "average rent of $500.00 per month not used, plus damage deposit, shall be used toward the down payment." Allery also testified that in March 1985, he gave Sullivan's realtor $3000 to pay the back rent he had withheld. Allery submitted a reimbursement claim to IHS for this money.[2] At the end of April 1985, Allery bought Sullivan's house.

Sullivan and his wife testified that the lease agreement and addendum were created at or near the same time in October 1984, and that the agreement was structured in two parts on separate pages at Allery's request. Sullivan stated that Allery suggested structuring the agreement as he did because that "was the way he got reimbursed for temporary living expense." Sullivan testified that Allery made two rental payments of $1500 in November and December 1984, and that the $3000 Allery gave his realtor in March 1985 was related to the closing on the purchase of the house.

Sullivan's realtor, who initially introduced Allery to Sullivan, testified that Allery had expressed interest in renting Sullivan's house for a six-month period, and that he was concerned that his family not be forced to move during the winter months should Sullivan succeed in selling the house. A relocated employee who enters into a six-month lease in his new location is not entitled to temporary quarters allowance from IHS.

A jury convicted Allery on two counts of submitting fraudulent travel vouchers in violation of 18 U.S.C. § 287. He was sentenced to one year and one day in prison and three years probation.

---

1. Section 287 states:

   Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

   18 U.S.C. § 287 (1988).

2. To verify this rent payment, Allery submitted a xerox copy of a check payable to Sullivan dated December 30, 1984. Sullivan testified that he had never received this check. Evidence from Allery's bank indicated that the check was never presented for payment.

## DISCUSSION

■ On appeal, Allery argues that the evidence at trial was insufficient to support his conviction and that the district court erred in refusing to send to the jury room an enlarged copy of a government regulation defining "temporary quarters" which the defense had used during the trial.

In reviewing a guilty verdict, this court must view the evidence in the light most favorable to the government and must sustain the verdict if substantial evidence supports it. *United States v. Snelling*, 862 F.2d 150, 153 (8th Cir.1988). We must accept as established all reasonable inferences supporting the conviction. *Id.* Questions of witness credibility are the province of the jury. *See United States v. Cegelka*, 853 F.2d 627, 629 (8th Cir.1988), *cert. denied*, 488 U.S. 1011, 109 S.Ct. 798, 102 L.Ed.2d 789 (1989).

Sullivan and his realtor testified that Allery originally wanted to rent the house for six months. Sullivan and his wife testified that both the lease agreement and addendum were written sometime in October 1984, and that the agreement was structured in two parts at Allery's request. Allery told a Health and Human Services investigator that because of higher state taxes in Minnesota, he believed his relocation from South Dakota would cost him about $6000 per year, and he intended to maximize his reimbursement for moving. Finally, Allery submitted a photocopy of a check dated in December 1984 for reimbursement for rent for January and February 1985, rent he claimed he withheld until March 1985. Sullivan testified that he never received the check and Allery's bank had no record of it being presented for payment. Viewing this testimony in the light most favorable to the government, we find that substantial evidence supports the jury's verdict.

■ Allery also contends that the district court erred when it refused the jury's request to see a copy of the government regulation regarding temporary quarters allowances. An enlargement of the regulation had been shown to the jury during the trial, but was never entered into evidence as an exhibit.

The district court has broad discretion in deciding whether to send exhibits to the jury, and such decisions should be overturned only for an abuse of discretion. *United States v. Gleason*, 726 F.2d 385, 388 (8th Cir.1984). Additionally, the law ordinarily is given to the jury by the court, and is not introduced into evidence. *United States v. Bernhardt*, 642 F.2d 251, 253 (8th Cir.1981). Allery was not accused of violating the regulation in question, nor had it been entered into evidence as an exhibit. The district court did not abuse its discretion in refusing to send the regulation to the jury. Accordingly, we affirm Allery's conviction.