**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony WOODFORK, Defendant–Appellant.**

**No. 91–2297.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1991.

Decided Jan. 27, 1992.

R. Thomas Day, St. Louis, Mo., argued, for defendant-appellant.

Richard Lee Poehling, St. Louis, Mo., argued, for plaintiff-appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Anthony Woodfork appeals from the entry of a judgment of conviction on one count of bank robbery and assault with a deadly weapon in violation of 18 U.S.C. § 2113(a), (d) (1988). The sole issue raised on appeal pertains to whether the district court[1] erred by refusing to allow Wood-

---

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

fork to approach the jury box and show his gold front tooth to the jury. We affirm.

On October 12, 1989, an armed male stole $3,458 from a branch of Boatmen's bank in St. Louis. Appellant confessed to committing the bank robbery three months later, when police arrested him on an unrelated charge. Two eyewitnesses, both of whom worked as tellers at the bank during the robbery, identified Woodfork as the perpetrator from a photo spread and a police line-up. Although they had received job-related training to assist in the memorization of physical characteristics, neither eyewitness noticed whether the bank robber had a gold front tooth.

Woodfork established through testimony at trial that he had a gold front tooth since the age of sixteen, more than ten years before trial. Appellant nevertheless asked the district court for permission to approach the jury and display the tooth in question. The district court denied the request, noting that the proposed demonstration was cumulative and created the risk of giving the jury a "false impression." The district court also questioned the relevance of the proffered evidence because Woodfork might not have opened his mouth sufficiently during the robbery to make the tooth visible.

On appeal, Woodfork claims that the district court committed reversible error by denying his request to display the gold tooth to the jury. We reject appellant's contentions.

The district court possesses discretion in the admission of evidence, including whether to submit exhibits to the jury. *See, e.g., United States v. Allery*, 905 F.2d 204, 206 (8th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 531, 112 L.Ed.2d 541 (1990); *United States v. Venerable*, 807 F.2d 745, 747 (8th Cir.1986); *United States v. Gleason*, 726 F.2d 385, 388 (8th Cir.1984) (per curiam). Although we can uncover no published federal opinions which address the precise issue appellant raises here, the district judge's ruling fell within the district court's discretion.

Woodfork presented testimony at trial that he had a prominent gold tooth which pre-dated the bank robbery by ten years. The district judge stated that he could see the defendant's gold tooth from the bench, which stood at approximately the same distance from the defendant as the jury box. Furthermore, the Government stipulated that Woodfork had a gold left front tooth. The district court also observed that the jury might be improperly influenced if the defendant approached the jury box to display his dental hardware. Thus, the district court did not err in ruling that the proffered evidence would have been cumulative and possibly misleading. *See* Fed. R.Evid. 403 and 611(a). Accordingly, we affirm.