# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1719

_____

United States of America,

    Plaintiff - Appellee,

v.

Kevin Walker,

    Defendant - Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\*
\*

_____

Submitted: December 11, 2007
Filed: March 13, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

LOKEN, Chief Judge.

Kevin Walker entered a conditional plea of guilty to a charge of possession of a firearm by a controlled substance user. He appeals the conviction. Relying on <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004), Walker argues that the district court[1] erred in denying his motion to suppress an incriminating post-arrest statement that followed a previous custodial statement made without the prior warnings mandated by <u>Miranda</u>

---

[1]The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of the HONORABLE DAVID L. PIESTER, United States Magistrate Judge for the District of Nebraska.

v. Arizona, 384 U.S. 436 (1966).  Agreeing with the district court that this case is governed by Oregon v. Elstad, 470 U.S. 298 (1985), rather than Seibert, we affirm.

Alerted by the county sheriff that Walker had purchased two handguns, Police Officer Sidney Yardley determined that Walker had an outstanding arrest warrant for possession of marijuana and a prior conviction that precluded him from possessing firearms in the City of Lincoln, Nebraska.  Yardley obtained a warrant to search Walker's residence for the firearms and Walker's person.  A SWAT team executed the warrant because of Walker's violent history.  When the SWAT team officers advised that the firearms had been found and Walker was in custody, Yardley entered the house.  Yardley observed a female in the living room and Walker standing by a kitchen counter between two SWAT team officers, handcuffed and in custody. Yardley advised Walker why he was under arrest.  When one of the officers pointed out a bag of marijuana on the kitchen counter, Yardley asked Walker whose it was without first advising him of his Miranda rights.  Walker responded it was his marijuana and he smokes it.

With Walker in custody, Yardley obtained and executed a second warrant to search the house for marijuana, which was found in several locations.  Previously released on bond, Walker was now arrested again and interviewed by Yardley at the county correctional complex. Yardley advised Walker of his Miranda rights, obtained a signed waiver of those rights, and questioned Walker, who admitted ownership and possession of the firearms and the additional marijuana.

Walker moved to suppress both statements.  The district court concluded that Yardley's single question in Walker's kitchen violated Miranda and suppressed Walker's response. However, applying Elstad rather than Seibert, the court concluded that this initial Miranda violation did not require suppression of Walker's statements the next day made after he was properly advised of and waived his Miranda rights.

In Elstad, the defendant made incriminating statements while being arrested at his home in response to rather casual questioning that nonetheless violated Miranda because no warnings had been given. Later, at the sheriff's office, the defendant was advised of and waived his Miranda rights and gave a full statement. The state appellate court held that the Miranda violation required suppression of the second statement. The U.S. Supreme Court reversed:

> [A]bsent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion. A subsequent administration of Miranda warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement.

470 U.S. at 314. In Seibert, the Supreme Court considered "a police protocol for custodial interrogation that calls for giving no warnings of the rights to silence and counsel until interrogation has produced a confession," followed by Miranda warnings and questioning intended to elicit the same confession. The second confession, proponents of the technique contemplated, would be admissible under Elstad. 542 U.S. at 604. The Court in Seibert distinguished Elstad and held that both confessions must be suppressed because of the initial Miranda violation. The plurality and Justice Kennedy, who supplied the decisive vote, adopted different tests for determining when use of this two-step interrogation technique requires suppression of statements made after the delayed Miranda warnings. Id. at 614-17, 621-22 (Kennedy, J., concurring); see United States v. Ollie, 442 F.3d 1135, 1141-42 (8th Cir. 2006) (concluding that Justice Kennedy's narrower test should be applied in cases involving this two-step interrogation technique).

Walker argues that his second statement must be suppressed under Seibert because that statement "necessarily relates back to the first and should be considered [poisoned] fruit of the first." The short answer to this contention is that Walker was

not subjected to the two-step interrogation technique at issue in <u>Seibert</u>. That technique is an example of the "deliberately coercive or improper tactics" expressly excepted from the reach of <u>Elstad</u>. As the district court recognized, because an improper tactic was not employed and the two questioning sessions were separated by time and location, this case is governed by <u>Elstad</u>, not <u>Seibert</u>.

Walker presented no evidence that Officer Yardley used coercion in eliciting the first statement, that the <u>Miranda</u> waiver signed by Walker before the second statement was not knowing and voluntary, or that the second statement was in any way coerced. Indeed, not only were the two statements given at different times and locations, they were unrelated to a significant degree. The second statement concerned the firearms -- not a subject of Yardley's inquiry the day before -- and the marijuana found during the second search. Yardley had probable cause to obtain the second warrant when he saw a bag of marijuana in plain view on the kitchen counter, regardless whether it belonged to Walker, his friend in the next room, or a third party. When the police found more marijuana in executing the second warrant, Yardley had an independent basis to advise Walker of his <u>Miranda</u> rights, obtain a voluntary waiver of those rights, and question Walker about ownership and possession of the additional marijuana and the firearms.

The judgment of the district court is affirmed.
_____

-4-