# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3440

_____

United States of America

*Plaintiff - Appellee*

v.

Barrett C. Swan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 25, 2020
Filed: September 30, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Barrett Swan appeals after a jury found him guilty of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and the district

court[1] sentenced him under the Armed Career Criminal Act (ACCA). His counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's denial of Swan's motion to sever the counts and the court's failure to sua sponte grant judgment of acquittal, and arguing that the court erred in sentencing Swan under the ACCA. In a pro se brief, Swan echoes counsel's severance argument, and challenges the district court's denial of his motion to suppress and the court's handling of exhibits during jury deliberations.

Turning first to the arguments in the *Anders* brief, we conclude the district court did not abuse its discretion in denying Swan's motion to sever the counts. *See United States v. Boyd*, 180 F.3d 967, 982-83 (8th Cir. 1999) (explaining denial of motion to sever is reversible only when defendant shows abuse of discretion resulting in severe prejudice; stating joint trial does not result in prejudice where evidence of other offenses would have been admissible in separate trial). Next, we conclude the district court did not plainly err in failing to sua sponte grant judgment of acquittal. *See United States v. Calhoun*, 721 F.3d 596, 600 (8th Cir. 2013) (noting, absent a defendant's contemporaneous motion, a district court's failure to sua sponte grant a judgment of acquittal is reversible plain error only if there was no evidence of guilt or evidence on a key element was so tenuous the conviction would be shocking); *see also United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014) (noting that in a § 922(g)(1) conviction, the government must prove, inter alia, defendant knowingly possessed a firearm by showing actual or constructive possession). In addition, we conclude the district court did not err in sentencing Swan under the ACCA. *See United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015) (explaining recidivism is not element which must be proved to jury; whether prior offenses were committed on different occasions is a recidivism-related fact).

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Turning next to the arguments in Swan's pro se brief, we conclude denial of his motion to suppress was proper. *See United States v. Wise*, 588 F.3d 531, 536 (8th Cir. 2009) (standard of review); *see also United States v. Head*, 407 F.3d 925, 929 (8th Cir. 2005) (explaining officer's statement did not constitute interrogation because he could not have predicted informing suspect he wanted "to talk to [suspect] about what had occurred" would elicit incriminating response). We further conclude the district court did not abuse its considerable discretion in handling the exhibits during jury deliberations. *See United States v. Venerable*, 807 F.2d 745, 747 (8th Cir. 1986) (standard of review).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____