# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3657
_____

United States of America

*Plaintiff - Appellee*

v.

Marco A. Avalos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 20, 2020
Filed: January 12, 2021

_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

Marcos A. Avalos pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He reserved the right to appeal the denial of his motion to suppress. The district court[1] sentenced him to 48 months

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased, adopting the report and recommendations of the

in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On October 25, 2018, a Creighton University security officer received a call from a female student reporting that a man, later identified as Marcus Avalos, approached her on campus and tried to enter her residence hall. Creighton University security officers eventually located Avalos in a campus parking lot. He resisted efforts to detain him. During the struggle, Avalos dropped a concealed firearm. The security officers retrieved the firearm, handcuffed him, and called Omaha police.

Avalos was charged with being a felon in possession of a firearm. He moved to suppress it, claiming the Creighton University security officers violated his Fourth Amendment rights. The magistrate judge recommended denying the motion, finding the Fourth Amendment was inapplicable because the security officers were private individuals. Adopting the magistrate's recommendation, the district court ruled there was no evidence the Omaha police and the security officers "were acting closely together or that the public safety officers had any agency relationship with [the Omaha police]."

Avalos challenges this ruling, contending the Fourth Amendment applies. This court analyzes the denial of a motion to suppress under a "mixed standard," reviewing findings of fact for clear error and legal findings de novo. *United States v. Williams*, 777 F.3d 1013, 1015 (8th Cir. 2015).

The Fourth Amendment "is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *United States v. Jacobsen*, 466 U.S. 109, 113 (1984), *quoting* *Walter v. United*

_____

Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

*States*, 447 U.S. 649, 662 (1980). Three factors determine whether a private individual is acting as, or with the participation of, a government official: "(1) whether the government had knowledge of and acquiesced in the intrusive conduct; (2) whether the citizen intended to assist law enforcement or instead acted to further his own purposes; and (3) whether the citizen acted at the government's request." ***United States v. Highbull***, 894 F.3d 988, 992 (8th Cir. 2018) (cleaned up). Avalos "bears the burden of proving by a preponderance of the evidence" that the Creighton University security officers acted as, or participated with, government officials. ***Id.***

As the district court correctly ruled, Avalos cannot meet the burden of proving that the Creighton University security officers acted as government officials. The officers were employed by Creighton University, a private institution with no connection to the Omaha Police Department or any other governmental law enforcement agency. He also cannot show the security officers participated with government officials. ***Id***. None of the security officers had received training from the Omaha police; they did not contact the police before detaining Avalos; they did not act at the request of the police; and there is no evidence they intended to assist them. Unlike the *Ackerman* case cited by Avalos, the security officers here were not exercising powers authorized by federal statute or beyond those of a private citizen. *See **United States v. Ackerman***, 831 F.3d 1292, 1296 (10th Cir. 2016) (holding that a federally created agency acted as a government agent because its "law enforcement powers extend well beyond those enjoyed by private citizens").

The district court did not err in determining the Creighton University security officers were not acting as, or participating with, government officials. There was no Fourth Amendment violation.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____