# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2416
_____

United States of America

*Plaintiff - Appellee*

v.

Reginald Robinson, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: March 21, 2025
Filed: June 23, 2025
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Reginald Robinson, Jr., entered a conditional guilty plea to one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), and 924(a)(2), preserving his right to appeal the denial of a motion to dismiss

the indictment and a motion to suppress. The district court[1] sentenced Robinson to 60 months' imprisonment, followed by 3 years of supervised release. Robinson now appeals, asserting that the district court[2] erroneously denied his motion to suppress based on an invalid Miranda[3] waiver and the lack of reasonable suspicion, and erroneously denied his motion to dismiss the indictment, which challenged the constitutionality of § 922(g)(1) and (g)(3). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On January 17, 2021, Sioux Falls, South Dakota Police Officer Joshua Siferd responded to a call from a local Walmart where employees had detained two individuals suspected of shoplifting. When Officer Siferd arrived, he met with a Walmart loss prevention employee, who reported that two individuals, later identified as Robinson and Yolanda Crawford, were observed using a self-checkout station and failing to scan every item in their carts. The employee explained that Walmart employees stopped Robinson and Crawford at the exit and detained them in the loss prevention office. The loss prevention employee also provided Officer Siferd with statements from Robinson and Crawford and citizen arrest forms. However, Officer Siferd did not ask to see video footage of the incident, nor did he ask for a copy of the video footage.

Officer Siferd spoke with Robinson and Crawford and asked them to provide identification, after which Robinson volunteered that he was "willing to pay for [the items]." Officer Siferd told Robinson that they were past the point where paying for

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

[3]Miranda v. Arizona, 384 U.S. 436 (1966).

the items would remedy the situation and continued to ask Robinson and Crawford biographical questions. As Officer Siferd radioed dispatch to conduct a records check, Robinson offered a statement about being "fresh off parole." Officer Siferd continued to speak with Robinson and Crawford about the suspected shoplifting, and Robinson again offered to pay for the items that had not been rung up. Roughly 15 minutes into the encounter, after Officer Siferd had been joined by a second officer, Officer Siferd told Robinson that he could smell the odor of marijuana emanating from him. Officer Siferd later testified that he had smelled the odor of marijuana on Robinson immediately upon their encounter but had waited to question Robinson about it until a back-up officer arrived before confronting him, consistent with department policy. Robinson responded to Officer Siferd's statement by admitting that he had smoked marijuana just prior to coming to Walmart, but, when Officer Siferd asked if he had any marijuana on him, Robinson stated that he did not.

Officer Siferd asked Robinson to place his hands on the wall to allow Officer Siferd to pat Robinson down. After beginning the pat down and feeling something in Robinson's pants, Officer Siferd asked Robinson if he had a pipe, and Robinson responded that he did not. Officer Siferd then asked Robinson to put his hands up, told him he was going to handcuff him, and placed Robinson in handcuffs. Officer Siferd then asked Robinson where the firearm was, Robinson answered that he did not know, and Officer Siferd asked Robinson, "so you don't have a firearm on you?" to which Robinson offered no response. Officer Siferd then removed a firearm from a holster in the front of Robinson's pants.

Officer Siferd asked Robinson if he was on probation or parole. Robinson responded, "not anymore," and affirmatively answered Siferd's next inquiry—whether he had ever been convicted of a felony—by responding "yes, sir." When Officer Siferd asked if Robinson knew he was not allowed to possess a firearm, Robinson answered, "yes, yes, yes sir." A few moments later, Robinson told Siferd that he wanted to "talk more." Officer Siferd responded that they would "talk more outside," told the other officer that he still needed to Mirandize Crawford and then escorted Robinson out of the store to his patrol vehicle. Once outside,

-3-

Officer Siferd told Robinson that he needed to complete his pat down search, and while doing so, Officer discovered a baggie of marijuana in Robinson's shirt pocket. As Officer Siferd pulled the baggie out of Robinson's pocket, Robinson stated, "I'm a big smoker." Robinson also had a large amount of currency on his person, totaling approximately $5,000. Officer Siferd then placed Robinson in the back of the patrol car and confirmed with Robinson that he had a felony conviction. Robinson affirmed that he had just been released from prison after serving four years and two months.

Officer Siferd then told Robinson he was going to read him his Miranda warnings before he asked him any more questions. As Officer Siferd read the warnings, Robinson interrupted at two separate points. First, after Officer Siferd stated, "anything you say can be used as evidence against you," Robinson answered "yes." Second, while Officer Siferd was advising Robinson of his right to an attorney and stating that "if you cannot afford an attorney one will be appointed for you," Robinson began speaking, explaining that his girlfriend was pregnant and that he had a baby on the way. Despite this crosstalk, Officer Siferd asked Robinson if he understood his Miranda warnings, and Robinson responded with "I understand everything." Officer Siferd then asked Robinson if he wished to waive his Miranda rights and Robinson replied, "yeah, I'll waive that shit yo, I'll waive that shit." Officer Siferd then proceeded to question Robinson about the firearm and how he came to be in possession of such a large amount of cash.

Robinson was subsequently charged with one count of being a felon in possession of a firearm. Robinson filed a motion to suppress, arguing that his statements about a prior felony conviction and his right to possess a firearm should be suppressed because some occurred while he was in custody but before he was given his Miranda warnings and others occurred after Officer Siferd gave incomplete Miranda warnings, vitiating any waiver of Robinson's rights. Further, according to Robinson, his post-Miranda statements should be suppressed because Officer Siferd deliberately attempted to circumvent Miranda by eliciting incriminating responses from Robinson before advising him of his Miranda rights. Robinson also sought

-4-

suppression of the firearm and all other items found on his person on the basis that Officer Siferd did not have reasonable suspicion to detain him for shoplifting.

A magistrate judge issued a report and recommendation recommending that the district court deny the motion. First, the magistrate judge noted that the Government did not resist the motion to suppress as it related to statements Robinson made after he was in handcuffs but before he was given his Miranda warnings provided that the Government could still use the statements, as necessary, for impeachment purposes at trial. The magistrate judge next considered Robinson's challenge to the statements he made after he had been given Miranda warnings, concluding that Officer Siferd accurately conveyed Robinson's Miranda rights to him. The magistrate judge further concluded that Robinson made a knowing and voluntary waiver of those rights despite any crosstalk because he was familiar with Miranda rights from both his previous criminal convictions and their ubiquitous nature in television and movies and because there was no evidence that Robinson's interjection rendered him unable to hear Officer Siferd's recitation of the Miranda warnings.

The magistrate judge also concluded that Officer Siferd's failure to offer Miranda warnings earlier in the encounter did not taint any later admissions made after Robinson was advised of his Miranda rights because there was no evidence of an orchestrated effort by Officer Siferd to circumvent Miranda by eliciting incriminating responses from Robinson before reading his Miranda warnings. Finally, the magistrate judge concluded that Officer Siferd had reasonable suspicion to seize and conduct the pat-down search of Robinson based on the Walmart employee's report of Robinson stealing items; Robinson's statements tacitly admitting to the theft; and Officer Siferd detecting the odor of marijuana coming from Robinson's person. Robinson filed objections to the report and recommendation, and the district court denied the objections, adopting the report and recommendation with one limited exception regarding the magistrate judge's statement that Miranda warnings are familiar to everyone from television and popular culture as a basis for supporting a waiver of Miranda rights.

Robinson also filed a motion to dismiss the indictment, asserting that 18 U.S.C. § 922(g)(1) and (g)(3) are unconstitutional both facially and as applied. The district court denied the motion, concluding that prior Eighth Circuit precedent, United States v. Jackson, 69 F.4th 495 (8th Cir. 2023), vacated by Jackson v. United States, 144 S. Ct. 2710 (2024), aff'd on remand, United States v. Jackson, 110 F.4th 1120 (8th Cir.), and United States v. Cunningham, 70 F.4th 502 (8th Cir. 2023), vacated by Cunningham v. United States, 144 S. Ct. 2713 (2024), aff'd on remand, United States v. Cunningham, 114 F.4th 671 (8th Cir.), foreclosed Robinson's challenges to § 922(g)(1). The district court further concluded that Robinson's facial challenge to § 922(g)(3) was without merit, stating that Eighth Circuit precedent upholding the statute was consistent with New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), and thus remained binding authority. Finally, the district court held in abeyance Robinson's as-applied challenge to § 922(g)(3) "awaiting a determination of the relevant facts."

Robinson then entered a conditional guilty plea, preserving the right to appeal the denial of his motion to dismiss and motion to suppress. The district court sentenced Robinson to 60 months' imprisonment followed by 3 years of supervised release, and Robinson now exercises his right to appeal these adverse rulings.

## II.

Robinson first challenges the district court's denial of his motion to suppress. Robinson asserts that Officer Siferd intentionally circumvented Miranda by eliciting incriminating responses from Robinson before advising Robinson of his Miranda rights and that Robinson's waiver of his Miranda rights was not knowing and voluntary because Robinson was speaking at the same time Officer Siferd was giving the Miranda warnings and thus did not fully appreciate the rights that he was waiving. Robinson further asserts that Officer Siferd did not have reasonable suspicion to detain Robinson. We "analyze[] the denial of a motion to suppress under a 'mixed standard,' reviewing findings of fact for clear error and legal findings

-6-

de novo." United States v. Avalos, 984 F.3d 1306, 1307 (8th Cir. 2021) (citation omitted).

## A.

We begin with Robinson's claim that the district court erred when it concluded that Officer Siferd did not circumvent Miranda by obtaining incriminating responses from Robinson before providing the warnings and that Robinson's waiver of his rights was knowing and voluntary. "Miranda warnings 'are required when interrogation is "initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."'" United States v. Rooney, 63 F.4th 1160, 1167 (8th Cir. 2023) (citations omitted). An officer must give these warnings before initiating "a custodial interrogation 'when an officer's interaction with the suspect is "likely to elicit an incriminating response."'" Id. (citations omitted). "If a suspect makes a knowing and voluntary waiver of his Fifth Amendment rights after receiving Miranda warnings, his inculpatory statements are admissible at trial." United States v. Wise, 588 F.3d 531, 536 (8th Cir. 2009).

However, "[i]n Missouri v. Seibert, [542 U.S. 600 (2004),] the Supreme Court held that if officers question a suspect in two parts and delay reciting the Miranda warnings to induce a confession, any statements made after the warnings are inadmissible." Rooney, 63 F.4th at 1167. In determining the admissibility of statements made post-Miranda but as part of a two-part interrogation, we consider "different factors . . . such as the timing and content of the different stages of questioning." Id. But "[w]hen officers have made no such calculated effort to elicit a confession, Seibert is not implicated, and the admissibility of postwarning statements is governed by the principles of Oregon v. Elstad, 470 U.S. 298 (1985)." United States v. Morgan, 729 F.3d 1086, 1092 (8th Cir. 2013). Under Elstad,

> [A]bsent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned

admission does not warrant a presumption of compulsion. A subsequent administration of <u>Miranda</u> warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement.

<u>United States v. Walker</u>, 518 F.3d 983, 985 (8th Cir. 2008) (alteration in original) (quoting <u>Elstad</u>, 470 U.S. at 314).

We find no evidence that Officer Siferd engaged in an orchestrated effort to circumvent <u>Miranda</u> by delaying the warnings until after Robinson made incriminating statements. Officer Siferd began speaking with Robinson while conducting a routine investigation into a shoplifting complaint. Robinson's incriminating statements were made as the investigation developed, and Robinson voluntarily responded to Officer Siferd's inquiries that were free from any hint of coercion. While Officer Siferd did not immediately give Robinson <u>Miranda</u> warnings after handcuffing him, we view any such failure as nothing more than the "arguably innocent neglect of <u>Miranda</u>." <u>Seibert</u>, 542 U.S. at 615. Simply stated, "[w]hatever the reason for [Officer Siferd]'s oversight, the incident had none of the earmarks of coercion." <u>Elstad</u>, 470 U.S. at 316. As Officer Siferd did not use a deliberate two-step process to circumvent <u>Miranda</u>, the district court did not err in denying the motion to suppress on this basis. <u>See Morgan</u>, 729 F.3d at 1091-92 (concluding there was no deliberate two-step process implicating <u>Seibert</u> when officers handcuffed detainee but did not Mirandize him until after detainee made incriminating statement about involvement in drug activities); <u>United States v. Walker</u>, 518 F.3d at 985 (applying <u>Elstad</u> where detainee answered questions while in handcuffs but before being Mirandized because there was no evidence of deliberately coercive or improper tactics used to elicit incriminating responses before providing <u>Miranda</u> warnings).

Robinson asserts that, even if Officer Siferd did not intentionally circumvent <u>Miranda</u>, Robinson's waiver of his rights was not knowing or voluntary because he was not fully aware of the rights he was waiving or the consequences of waiving those rights when he did not hear a complete recitation of the <u>Miranda</u> warnings.

-8-

"There are 'two distinct dimensions' to the inquiry whether a suspect's waiver of his Miranda rights was voluntary, knowing, and intelligent." United States v. Vinton, 631 F.3d 476, 483 (8th Cir. 2011) (citation omitted). "[T]he waiver 'must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception,'" and "the suspect must have waived his rights 'with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" United States v. Rose, 124 F.4th 1101, 1107 (8th Cir. 2025) (citations omitted). "We consider the totality of the circumstances in determining whether a suspect's waiver is valid." Vinton, 631 F.3d at 483.

Here, we find no error in the district court's conclusion that Robinson made a knowing and voluntary waiver of his rights. As the district court noted, the record demonstrates that Officer Siferd provided the full Miranda warnings but does not conclusively demonstrate that Robinson was unable to hear the entirety of the Miranda warnings because of his interruptions while Officer Siferd was reciting them. And, after Officer Siferd finished reading the warnings, Robinson affirmed that, despite any crosstalk, he "underst[oo]d everything" before twice stating that he wished to waive his rights. Further, Robinson had multiple "past interactions with law enforcement, and '[a] history of interaction with the criminal justice system supports an inference that an interviewee is familiar with his constitutional rights and that his statements to the police are voluntary.'" See Rooney, 63 F.4th at 1168 (alteration in original) (citation omitted); see also United States v. Adams, 820 F.3d 317, 324 (8th Cir. 2016) (explaining that a suspect's familiarity with Miranda warnings and police interrogations may support a knowing waiver). The district court thus did not err in concluding that Robinson waived his Miranda rights.

B.

We next consider Robinson's argument that the district court erred in concluding that Officer Siferd lawfully seized Robinson. "A police officer 'may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the

officer has a reasonable, articulable suspicion that criminal activity is afoot.'" United States v. Fields, 832 F.3d 831, 834 (8th Cir. 2016) (citation omitted). We consider whether an officer has reasonable suspicion to detain an individual by considering "the totality of the circumstances, taking into account an officer's deductions and rational inferences resulting from relevant training and experience." Id. (citation omitted).

First, under the totality of the circumstances, Officer Siferd had reasonable suspicion to believe that Robinson had engaged in shoplifting. Officer Siferd responded to a call from a Walmart employee that two shoppers had been detained for shoplifting, and when he arrived a loss prevention specialist detailed to Officer Siferd what he had observed, providing Officer Siferd with statements from Robinson and Crawford and citizen's arrest forms. When discussing the suspected shoplifting with Officer Siferd, Robinson asked if he could pay for the items, tacitly admitting that he had taken the items without paying for them. Second, separate and apart from the evidence that Robinson had been engaged in shoplifting, Officer Siferd's observation of the odor of marijuana emanating from Robinson's person was sufficient to provide reasonable suspicion that criminal activity was afoot. See United States v. Wright, 844 F.3d 759, 762-63 (8th Cir. 2016) ("Once the uniformed officer detected an odor of marijuana coming from [defendant]'s person, the officer had probable cause to arrest [defendant] and, *a fortiori*, reasonable suspicion to detain him for further investigation."); cf. United States v. Williams, 955 F.3d 734, 737-38 (8th Cir. 2020) ("We have repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception."). Thus, Officer Siferd had reasonable suspicion sufficient to detain Robinson based either on Robinson's suspected theft or Officer Siferd's observation of the odor of marijuana. The district court thus did not err in denying Robinson's motion to suppress.

## III.

Robinson also challenges the district court's denial of his motion to dismiss the indictment. Robinson challenges the constitutionality of both § 922(g)(1) and (g)(3), asserting that each provision is unconstitutional both facially and as applied to him. "We review the denial of a motion to dismiss an indictment *de novo*." United States v. Wilson, 939 F.3d 929, 931 (8th Cir. 2019). Further, "[w]e review the constitutionality of [a] statute de novo." United States v. Seay, 620 F.3d 919, 923 (8th Cir. 2010). Robinson concedes that his argument regarding both his facial and as-applied challenges to § 922(g)(1) are foreclosed by circuit precedent. See United States v. Jackson, 110 F.4th 1120 (8th Cir. 2024); United States v. Cunningham, 114 F.4th 671 (8th Cir. 2024). Robinson likewise concedes that his facial challenge to § 922(g)(3) is foreclosed. See United States v. Veasley, 98 F.4th 906 (8th Cir. 2024). Further, with respect to Robinson's as-applied challenge to § 922(g)(3), where, as here, the defendant is charged in a single count, sustaining any one of the § 922(g) categories supports the indictment and the Court need not address a challenge to another § 922(g) category. See United States v. Marin, 31 F.4th 1049, 1054 n.2 (8th Cir. 2022). Because Robinson was charged in the same count with being a prohibited person in possession of a firearm under § 922(g)(1) and (g)(3), the failure of his constitutional challenge to § 922(g)(1) alone is sufficient to sustain the indictment. The district court thus did not err in denying the motion to dismiss the indictment.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

_____

-11-