# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1042
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Michael Faust

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: December 16, 2024
Filed: January 10, 2025
[Unpublished]
_____

Before SMITH, GRUENDER, and STRAS, Circuit Judges.
_____

PER CURIAM.

Joshua Faust pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), preserving his right to appeal the district court's[1] denial of his motion to dismiss the felon-in-possession charge. He was sentenced to 84 months'

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Judge for the Northern District of Iowa.

imprisonment. Faust appeals, arguing that the felon-in-possession statute, § 922(g)(1), violates the Second Amendment both on its face and as applied to him.

Precedent forecloses Faust's arguments. Following the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024), we held that "[t]he longstanding prohibition on possession of firearms by felons is constitutional," *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024), and that there is "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)," *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024). Accordingly, Faust's facial and as-applied constitutional challenges to § 922(g)(1) fail.[2]

Affirmed.

_____

_____

[2]Even if Faust could bring an as-applied challenge, he would not succeed. His lengthy criminal record includes over fifteen convictions, including four assaults (two with a dangerous weapon), disorderly conduct, and violation of a protective order. That record, combined with his history of noncompliance while incarcerated and while subject to probation, demonstrates that Faust "pose[s] a credible threat to the physical safety of others." *See Rahimi*, 602 U.S. at 700; *see also United States v. Jackson*, 85 F.4th 468, 470-72 (8th Cir. 2023) (Stras, J., dissenting from denial of reh'g en banc) (explaining that, based on Founding-era history, the government can strip "dangerous" individuals of their firearms).