# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1242

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Allen Haynes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: February 10, 2025
Filed: May 1, 2025
[Unpublished]

_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Brandon Haynes pleaded guilty to unlawfully possessing a firearm and ammunition, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(8), after the district court[1] denied his motion to dismiss the indictment. On appeal, he argues that the felon-in-

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

possession statute violates the Second Amendment, both facially and as applied to him. Circuit precedent forecloses both arguments, so we affirm. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (citation omitted)).

Under federal law, felons like Haynes cannot possess firearms. *See* 18 U.S.C. § 922(g)(1) (disarming those "who ha[ve] been convicted" of "a crime punishable by imprisonment for a term exceeding one year"). In two recent cases, we held that this prohibition is constitutional, regardless of the facts of the crime itself, the nature of the underlying felony, or the defendant's history.[2] *See United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (concluding that it is facially constitutional); *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) (cutting off as-applied challenges too). To the extent Haynes disagrees with either decision, his remedy lies with the en banc court, not with us. *See Liberty Mut. Ins. Co. v. Elgin Warehouse & Equip.*, 4 F.3d 567, 571 (8th Cir. 1993) ("In this circuit only an en banc court may overrule a panel decision."). We accordingly affirm the judgment of the district court.

—————————————————

[2]Even if Haynes could bring an as-applied challenge, *cf. United States v. Veasley*, 98 F.4th 906, 909 (8th Cir. 2024), it would not succeed. When officers stopped him, he threatened to fight them while he "aggressively" stabbed the dashboard of his car with a knife. Once in jail, he had to be forcefully put into a straitjacket after making "repeated physical advances" and telling the officers he would kill them "next time." Add his lengthy criminal history, and it is safe to say that Haynes "pose[s] a credible threat to the physical safety of others." *United States v. Rahimi*, 602 U.S. 680, 693 (2024); *see United States v. Jackson*, 85 F.4th 468, 470–72 (8th Cir. 2023) (Stras, J., dissenting from denial of reh'g en banc) (explaining that, based on Founding-era history, the government can strip "dangerous" individuals of their firearms).