# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2433
_____

United States of America

*Plaintiff - Appellee*

v.

Nicolas Oneal Garrett

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 20, 2025
Filed: April 2, 2026
[Unpublished]
_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.


Nicolas Garrett was indicted for being a prohibited person in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), (g)(9), 924(a)(8). He moved to dismiss the indictment on the ground that § 922(g)(1) violated the Second Amendment, both

facially and as applied to him. The district court[1] denied his motion to dismiss, and Garrett pled guilty to being a prohibited person in possession of a firearm, in violation of §§ 922(g)(1) and 924(a)(8). Garrett appeals the denial of his motion to dismiss, reasserting his Second Amendment challenges.

We review the constitutionality of a statute de novo. *United States v. Charles*, 159 F.4th 545, 546 (8th Cir. 2025). Having carefully considered Garrett's arguments, we conclude the district court did not err in denying his motion to dismiss the indictment because, as Garrett acknowledges, our precedent forecloses his challenges to § 922(g)(1). *See United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional . . . ."); *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."). Garrett urges us to reconsider *Jackson*, but we cannot do so. *See, e.g.*, *United States v. Escobar*, 970 F.3d 1022, 1027 (8th Cir. 2020) ("[O]nly the en banc court can overrule a prior panel's decision."). Accordingly, we affirm.

_____

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.