In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 23-3155

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

GLEN PRINCE,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 22 CR 240 — **Robert W. Gettleman**, *Judge.*

---

ARGUED DECEMBER 11, 2024 — DECIDED APRIL 2, 2026

---

Before BRENNAN, *Chief Judge*, and EASTERBROOK and ST.
EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* A federal statute, 18 U.S.C.
§922(g)(1), makes it a crime for any person "who has been
convicted in any court of, a crime punishable by imprison-
ment for a term exceeding one year" to possess a firearm in or
affecting interstate commerce. An indictment charged Glen
Prince with violating this statute, but a district court dis-
missed the indictment after concluding that §922(g)(1) is

invalid "on its face"—that is, in every possible application—under the Second Amendment to the Constitution. 700 F. Supp. 3d 663 (N.D. Ill. 2023). The United States has appealed.

*District of Columbia v. Heller*, 554 U.S. 570 (2008), held that the Second Amendment creates personal rights. The Court pointedly added that "longstanding prohibitions on the possession of firearms by felons" are valid. *Id*. at 626, 635. When extending *Heller* to the states, the Court in *McDonald v. Chicago*, 561 U.S. 742, 786 (2010) (lead opinion), reassured readers that all of the reservations and provisos in *Heller* retain validity. In a more recent Second Amendment decision, *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller*. See 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or [*McDonald*] about restrictions that may be imposed on the possession or carrying of guns."); *id*. at 80–81 (Kavanaugh, J., joined by the Chief Justice, concurring) (endorsing the statement in *Heller* about the propriety of denying firearms to felons). And in the Court's most recent Second Amendment decision, *United States v. Rahimi*, 602 U.S. 680 (2024), the Justices held that people who have been adjudicated as dangerous, as by the issuance of a protective order, may be disarmed. The existence of a felony conviction is another plausible indicator of danger.

None of the Supreme Court's decisions expressly addresses the validity of §922(g)(1), and it is chancy for an

inferior court to take dicta (such as the statements in *Heller*) as the equivalent of holdings. *Bruen* changed *Heller*'s approach to be more historical, and *Rahimi* recast *Bruen* to be more risk-centric (after observing that American history evinces this emphasis on danger). Given the current state of the law, represented by *Rahimi*, it is difficult to conclude that §922(g)(1) cannot be applied to *anyone*, even a person with a string of convictions suggesting grave danger. Say, multiple convictions for murder committed using explosives or machine guns. Here's another, from *Fields v. Gilley*, 121 F.4th 598, 600 (7th Cir. 2024): "In 2001, Fields was in federal custody, on the charge of being a felon in possession of a firearm, when he bribed a correctional officer with a $5,000 payment in return for a key to the detention center's fire escape. He used that key to escape, and over the course of several days, he engaged in violent crimes including the murder of his ex-girlfriend and the carjacking of another woman at gunpoint, all with the use of a firearm."

At oral argument counsel for Prince was clear that he was not contending that §922(g)(1) is invalid as applied to his client. That is understandable. Prince has prior convictions for armed robbery and aggravated battery. His most recent criminal activity (leading to this prosecution under §922(g)(1)) involved accosting passengers on public transport with a firearm and demanding that they hand over their valuables. When Prince was arrested, on the platform of another public transit station, which displays signs that guns are forbidden there, see *Schoenthal v. Raoul*, 150 F.4th 889 (7th Cir. 2025), he had a loaded semi-automatic weapon in his waistband. It would not be possible to argue with a straight face that firearms are harmless in Prince's hands. That's why he chose to make a facial attack. He and his counsel have had, and used,

every opportunity to marshal the historical evidence relevant to this subject after *Bruen*. See *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023).

Judges of federal courts across the country have disagreed about the implications of *Bruen* and *Rahimi* for prosecutions under many subsections of §922(g). The Justices have under advisement a dispute about the scope and validity of §922(g)(3), which prohibits firearms possession by someone "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))". *United Sates v. Hemani*, No. 24–1234 (argued March 2, 2026). Some courts have held that some felony convictions, such as food-stamp fraud, are so unlikely to imply danger that particular applications of §922(g)(1) are invalid. E.g., *Range v. Attorney General*, 124 F.4th 218 (3d Cir. 2024) (en banc). But the one thing on which all courts of appeals that have addressed the question after *Bruen* agree is that §922(g)(1) is valid in many applications and cannot be declared unconstitutional "on its face."

For a sampling, see *Zherka v. Bondi*, 140 F.4th 68, 74–75, 91–93 (2d Cir. 2025); *United States v. Canada*, 123 F.4th 159, 161–62 (4th Cir. 2024); *United States v. Kimble*, 142 F.4th 308, 314–17 (5th Cir. 2025); *United States v. Williams*, 113 F.4th 637, 657–61 (6th Cir. 2024); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024); *United States v. Duarte*, 137 F.4th 743, 755–61 (9th Cir. 2025) (en banc); *Vincent v. Bondi*, 127 F.4th 1263, 1264–66 (10th Cir. 2025); *United States v. Dubois*, 139 F.4th 887, 892–94 (11th Cir. 2025). There are many others.

It is tempting to explicate the reasoning of these decisions and show why *Bruen* allows (if *Rahimi* does not compel) the conclusion that §922(g)(1) has at least *some* constitutional

applications. But the fact that a given question is unsettled in this circuit need not induce us to be an echo chamber. "It has all been said before, but not by us"—followed by exegesis—is a poor excuse for burdening the reader. It is enough to cite the decisions we have mentioned, plus *United States v. Watson*, No. 24-2432 (7th Cir.), which is being released contemporaneously. *Watson* and the decisions in other circuits say all that is necessary.

As in *Watson*, we reserve decision on as-applied challenges by persons whose felony convictions do not suggest that firearms would be dangerous in their hands. Some courts of appeals allow such challenges; some do not; in this circuit the issue is open. For a person such as Prince, however, once the general validity of §922(g)(1) has been established, there is nothing more to say.

REVERSED AND REMANDED