# United States Court of Appeals

### For the Eighth Circuit

_____

No. 25-2251

_____

United States of America

*Plaintiff - Appellee*

v.

George A. Richardson

*Defendant - Appellant*

_____

No. 25-2260

_____

United States of America

*Plaintiff - Appellee*

v.

Aaron F. Pepple

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 17, 2026
Filed: May 18, 2026
[Published]
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Aaron Pepple and George Richardson were each indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Each moved to dismiss the indictment, arguing that § 922(g)(1) is unconstitutional on its face and as applied to him. The district court[1] denied the motions, and both pleaded guilty, reserving the right to appeal those rulings.

First, Pepple and Richardson ask us to hold that § 922(g)(1) is unconstitutional on its face because it categorically bans all felons from possessing firearms. Alternatively, they argue that § 922(g)(1) is subject to as-applied Second Amendment challenges based on individual circumstances, including dangerousness. These arguments are squarely foreclosed by precedent. United States v. Jackson, 110 F.4th 1120, 1125–29 (8th Cir. 2024), cert. denied, 145 S. Ct. 2708 (2025) (holding "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons," and "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"); United States v. Cunningham, 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional[.]"). Pepple and Richardson assert these decisions were wrongly decided, but "[i]t is a cardinal rule in our circuit that one panel is bound by the

_____

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Jill A. Morris, United States Magistrate Judge for the Western District of Missouri.

decision of a prior panel." United States v. Ledvina, 166 F.4th 716, 720 (8th Cir. 2026) (quoting Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc)).

Next, Pepple and Richardson argue § 922(g)(1) is unconstitutional because it is overbroad. As they acknowledge, an overbreadth challenge is a type of facial challenge traditionally restricted to the First Amendment context. See, e.g., United States v. Hansen, 599 U.S. 762, 769–70 (2023). However, even assuming the overbreadth doctrine applies in the Second Amendment context, an overbreadth challenge can only succeed where "a law's unconstitutional applications . . . [are] substantially disproportionate to the statute's lawful sweep." Id. at 770 (citations omitted). As discussed, we have held that § 922(g)(1) is constitutional in all its applications. Jackson, 110 F.4th at 1125–29; Cunningham, 114 F.4th at 675; Browne v. Reynolds, 150 F.4th 975, 979 (8th Cir. 2025) ("[T]he federal prohibition on possession of firearms by felons is constitutional as a categorical matter."). Thus, their overbreadth argument is also foreclosed by precedent. See Ledvina, 166 F.4th at 720 (quoting Mader, 654 F.3d at 800).

We affirm.

_____