# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-3350

_____

United States of America

*Plaintiff - Appellee*

v.

Justin James Schneider

*Defendant - Appellant*

_____

No. 25-1534

_____

United States of America

*Plaintiff - Appellee*

v.

Justin James Schneider

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: December 19, 2025
Filed: June 11, 2026

_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Justin Schneider was convicted of simple assault of a federal officer, 18 U.S.C. § 111(a), and of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He was sentenced to 163 months in prison. We affirm his convictions, but we vacate his sentence and remand for resentencing.

Schneider's wife called the police and told them that he was suicidal and wanted the police to kill him. An officer spotted his truck and tried to pull him over, but Schneider fled and drove into a field. When he finally stopped and got out of his truck, he was holding a revolver, pointing it at the ground. Schneider did not comply with commands to drop the gun and get on the ground. Instead, he told the officers to shoot him. After arguing with the officers for a while, Schneider got back into his truck and sped off.

Lieutenant Wayland Bad Hand, an officer with the Bureau of Indian Affairs, was monitoring the situation from his police cruiser, which was parked in the right-side lane of a two-lane highway. When Schneider turned his truck onto the road, he oversteered into some grass. He corrected, but this put him on a collision course with Lieutenant Bad Hand and his police cruiser. At the last moment, Schneider swerved back into the grass, narrowly missing both.

Officers pursued. Schneider pulled into a parking lot and got out of his truck with the revolver pointed at the ground. He did not obey Lieutenant Bad Hand's command to drop the gun, so Lieutenant Bad Hand shot him and then arrested him.

Schneider was charged with forcibly resisting, opposing, impeding, intimidating, or interfering with Lieutenant Bad Hand while using a dangerous weapon (the revolver), 18 U.S.C. § 111(a) and (b), and with being a felon in

possession of a firearm, 18 U.S.C. § 922(g)(1).[1]  Schneider and the Government reached an agreement where he would plead guilty to the felon-in-possession charge and the other charge would be dismissed.  The plea agreement stipulated an offense level of 26 but clarified that the stipulation was "not binding upon the Court."  At the change of plea hearing, the district court was concerned that the stipulation made the agreement binding under Federal Rule of Criminal Procedure 11(c)(1)(C) and said it intended to reject the agreement unless the language was changed.  Schneider asked for a continuance so he and the government could rework the agreement, which the court granted.  But Schneider eventually backed out of plea negotiations and decided to stand trial.

The week before trial, the court selected three juries on the same day. Schneider's jury was scheduled to be selected second, but he asked permission to attend the first jury selection too.  The court denied his request, but his lawyer was allowed to observe.  During the first jury selection, the court introduced Schneider's case by announcing his name and charges.[2]  Five of the jury pool members from the first jury selection also participated in Schneider's jury selection.

---

[1]Schneider moved to dismiss the felon-in-possession charge, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment—both facially and as applied. The district court denied his motion, and he preserves the argument on appeal.  Our precedent precludes its success. *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024).

[2]Schneider asks us to either supplement the record with or take judicial notice of the transcript from the first jury selection.  Federal Rule of Evidence 201(b) allows us to take judicial notice of court records for the purpose of noting undisputed adjudicative facts. *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 543 n.4 (8th Cir. 2015); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of sealed documents because they were "readily verifiable").  We thus grant Schneider's motion to take judicial notice of the jury selection transcript and deny his motion to supplement the record as moot.

The case was tried, and Schneider twice moved for a judgment of acquittal on both counts. The district court denied both motions. The jury found Schneider not guilty of forcibly resisting Lieutenant Bad Hand with the revolver but guilty of simple assault against Lieutenant Bad Hand, a lesser included offense. It also found Schneider guilty of being a felon in possession of a firearm.

At sentencing, the district court applied a 4-level enhancement, U.S.S.G. § 2k2.1(b)(6)(B) (2024) (amended 2025), because it found by a preponderance of the evidence that Schneider resisted a federal officer with a dangerous weapon. Schneider's Guidelines range was 151 to 188 months in prison, and the court imposed a 151-month sentence for the felon-in-possession conviction and a consecutive 12-month sentence for simple assault.

Schneider first argues that the district court abused its discretion when it "rejected" his plea agreement. *See United States v. Nicholson*, 231 F.3d 445, 451 (8th Cir. 2000) (standard of review). But the district court never did that—it told the parties it would reject it if the stipulation language was not changed. Before the court could start the required process for rejecting a plea agreement, *see* Fed. R. Crim. P. 11(c)(5), Schneider moved to continue the change of plea hearing. Since there was no rejection, there is nothing for us to review. *Cf. United States v. Tiger*, 223 F.3d 811, 813–14 (8th Cir. 2000) (dismissing an appeal challenging the exclusion of evidence because, although the district court indicated that it intended to exclude the evidence, the defendant withdrew the evidence before the court could make a ruling).

Schneider next argues that the district court violated his Fifth and Sixth Amendment right to be present at trial when he was not allowed at the first jury selection. *See United States v. Smith*, 771 F.3d 1060, 1063 (8th Cir. 2014); *Gomez v. United States*, 490 U.S. 858, 873 (1989). Even if the district court was mistaken, any abuse of discretion was harmless beyond a reasonable doubt. *Smith*, 771 F.3d at 1063 ("We review whether a trial court conducted a proceeding in violation of [the] defendant['s] right to be present during every stage of trial under an abuse of

-4-

discretion standard." (citation omitted)); *Chapman v. California*, 386 U.S. 18, 24 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."). The district court's discussion of Schneider's case at the first jury selection was short and superficial. Although Schneider was not there to see how the potential jurors reacted when his name and charges were first announced, his lawyer was and has not alleged that any of the jurors reacted negatively.[3]

Turning to the denial of his motions for judgment of acquittal, Schneider argues that the evidence was insufficient to support his simple assault conviction. We review the court's decisions *de novo*, "evaluating the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor." *United States v. Parker*, 871 F.3d 590, 600 (8th Cir. 2017) (citation omitted). We will reverse a verdict "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Ways*, 832 F.3d 887, 894 (8th Cir. 2016).

To be guilty of simple assault under § 111, a defendant must "threat[en] or display . . . physical aggression toward [an] officer as to inspire fear of pain, bodily harm, or death." *United States v. Wilkins*, 25 F.4th 596, 599 (8th Cir. 2022) (citation omitted). The defendant must also "entertain the criminal intent to do the acts therein specified." *Id.* (cleaned up). Schneider argues that no reasonable jury could find that he attempted or threatened to injure Lieutenant Bad Hand. We disagree.

Before speeding away, Schneider was acting aggressively, brandishing his revolver, and asking police to shoot him. A dash cam video shows that Schneider

---

[3]Schneider asked the district court to supplement the record with the transcript from the first jury selection and the jury lists from both proceedings, but the district court denied the motion. We have taken judicial notice of the transcript, and consideration of the jury lists would not have changed the resolution of this issue. Accordingly, any error in denying the motion was harmless. *See C.B. ex rel. B.B. v. Special Sch. Dist. No. 1*, 636 F.3d 981, 992 n.1 (8th Cir. 2011).

turned his wheels directly at and drove toward Lieutenant Bad Hand and his police cruiser. Although Schneider eventually swerved, a reasonable jury could find that he intentionally put Lieutenant Bad Hand in fear of bodily harm.

Finally, Schneider argues that the district court procedurally erred when it applied a 4-level enhancement for "possess[ing] any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) (2024) (amended 2025). Schneider was acquitted of resisting a federal officer with a deadly weapon, and his simple assault conviction is a misdemeanor. The district court nevertheless applied the enhancement because it found by a preponderance of the evidence that Schneider committed the felony that the jury acquitted him of. Because Schneider did not object on this basis below, we review for plain error. *United States v. Ridings*, 75 F.4th 902, 906 (8th Cir. 2023). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020) (citation omitted).

As the Government concedes, the district court plainly erred when it considered acquitted conduct and applied the 4-level enhancement. Schneider was sentenced on November 4, 2024. Three days earlier, the Guidelines were amended to say that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court." U.S.S.G. § 1B1.3(c). Courts must use the Guidelines in effect at the time the defendant is sentenced. U.S.S.G. § 1B1.11; *see United States v. Barker*, 556 F.3d 682, 689–90 (8th Cir. 2009) (finding "significant procedural error" where the district court used the wrong version of the Guidelines, resulting in an improperly calculated Guidelines range).

The error affected Schneider's substantial rights. *Isler*, 983 F.3d at 343 ("To demonstrate an effect on substantial rights, [the defendant] must show a reasonable probability that but for the error, he would have received a more favorable sentence." (citation omitted)). His Guidelines range with the 4-level enhancement was 151 to 188 months. Without the 4-level enhancement, his range would have been 110 to

137 months.  The district court imposed a total sentence of 163 months, which was within the initial Guidelines calculation.  It did not suggest that it would impose a 163-month sentence regardless of the Guidelines range.  Accordingly, there is at least a reasonable probability that the district court would have imposed a lesser total sentence had it known that 110 to 137 months was Schneider's appropriate Guidelines range.  *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016).

We affirm Schneider's convictions, vacate his sentence, and remand for resentencing consistent with this opinion.

LOKEN, Circuit Judge, concurring in the judgment.

In *United States v. Watts*, the Supreme Court "said that there is no 'prohibition against considering certain types of evidence at sentencing,' including 'uncharged or acquitted conduct.'"  *McClinton v. United States*, 143 S. Ct. 2400, 2405 (2023) (Alito, J., concurring in the denial of certiorari), quoting 519 U.S. 148, 152–55 (1997).  Our court held the same in *United States v. Whiting*, 522 F.3d 845, 850 (8th Cir. 2008).  This long-debated issue was not decided by the Court in *McClinton*.

On November 1, 2024, the Sentencing Commission amended USSG 1B1.3(c) to provide that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction."  The government initially challenged the Commission's authority to promulgate a Guidelines amendment that overrules prior Supreme Court and Eighth Circuit law, but in this case the government chose to concede that amended USSG 1B1.3(c) was the governing Guideline when Schneider was sentenced three days later and the district court committed plain error.  I agree we must therefore remand for resentencing.

I do not object to our panel accepting the government's concession as establishing the governing Guidelines law for purposes of our plain error review in this case.  But the underlying acquitted-conduct issue that was not decided in

*McClinton* remains undecided and now includes the additional significant issue whether the Sentencing Commission exceeded the limited sentencing authority delegated by Congress when it substituted its own opinion on the question, which would overrule *contrary* Supreme Court and Eighth Circuit authority. We have heretofore avoided that question by holding that "the Guideline does not prohibit a court from considering acquitted conduct when analyzing the factors from § 3553(a)." *United States v. Ware*, 141 F.4th 970, 974 n.2 (8th Cir. 2025). Other circuits that have considered the issue agree. *See United States v. Texidor*, 164 F.4th 248, 254 (3d Cir. 2026); *United States v. Ralston*, 110 F.4th 909, 921 (6th Cir. 2024); *United States v. Pharms*, No. 24-14191, 2026 WL 311607, at *4 (11th Cir. Feb. 5, 2026).

What the amended Guideline does prevent is consideration of acquitted conduct *in calculating the advisory guidelines range*, which is squarely within the Commission's delegated authority. So a district court must ignore acquitted conduct while calculating the range, but then has discretion to use acquitted conduct to sentence the defendant within, above, or below the guidelines range. Here, the government's concession was properly limited to the facts of this case. Thus, this decision should not be interpreted as deciding the broader important question left open in *McClinton*.

_____